IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANDAL DEWAYNE FLOYD, § | |
| Petitioner, § | |
| § | |
| v. § | No. 3:17-CV-1612-D (BT) |
| § | |
| LORIE DAVIS, Director TDCJ-CID § | |
| Respondent. § | |

## **FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Randal Floyd, a Texas prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the resulting civil action to the United States magistrate judge, pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should dismiss the petition with prejudice as barred by the one-year limitations period.

I.

Petitioner challenges his two convictions for aggravated sexual assault of a child younger than fourteen. *State of Texas v. Randal Dewayne Floyd*, Nos. F-1052650-Q and F-1052651-Q (204th Jud. Dist. Ct., Dallas County, Tex., Mar. 18, 2011). Petitioner was sentenced to forty years in prison on each conviction, to run concurrently. On February 29, 2012, the Fifth District Court of Appeals modified the judgments to correct

1

clerical errors and affirmed. *Floyd v. State*, Nos. 05-11-00351-CR and 05-11-00352-CR (Tex. App. – Dallas 2012, no pet.). Petitioner did not file a petition for discretionary review.

On September 10, 2012, Petitioner filed two state habeas petitions separately challenging each of his convictions. *Ex parte Floyd*, No. 78,898-02; *Ex parte Floyd*, No. 78,898-03. On January 16, 2013, the Court of Criminal Appeals dismissed as noncompliant the petition challenging his conviction in cause number F-1052650-Q. On May 5, 2016, Petitioner filed a second state habeas petition challenging this first conviction. *Ex parte Floyd*, No. 78,898-04. On August 10, 2016, the Court of Criminal Appeals denied the petition without written order.

On February 27, 2013, the Court of Criminal Appeals dismissed as noncompliant the petition challenging his conviction in cause number F-1052651-Q. On May 5, 2016, Petitioner filed a second state habeas petition challenging his second conviction. *Ex parte Floyd*, No. 78,898-05. On August 10, 2016, the Court of Criminal Appeals denied the petition without written order.

On July 7, 2017, Petitioner filed the instant § 2254 petition. In three related grounds, Petitioner argues he received ineffective assistance of counsel when counsel: (i) failed to zealously defend Petitioner; (ii) forfeited

2

his "adversarial stance toward remotely time barred indictments;" and (ii) obtained unjust enrichment when Petitioner signed a plea bargain agreement.

## II.

### A. Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the AEDPA governs the present petition. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. *See* Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (1996).

In most cases, the limitations period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. *See* 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has

The Fifth District Court of Appeals affirmed Petitioner's convictions and sentences on February 29, 2012. Petitioner did not file a petition for discretionary review. His convictions therefore became final 30 days later, on March 30, 2012. *See* Tex. R. App. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *see also Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner then had one year, or until April 1, 2013, to file his federal petition.[2]

The filing of a state application for habeas corpus tolls the statute of limitations. *See* 28 U.S.C. § 2244 (d)(2). Statutory tolling, however, applies only during the pendency of a "properly filed" state habeas application. 28 U.S.C. § 2244(d)(2). Petitioner's first habeas petitions were dismissed as

---

been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

[2] The limitations period ended on March 30, 2013, which was a Saturday. Under Fed. R. Civ. P. 6(a) the limitations period was extended to Monday, April 1, 2013.

noncompliant because they failed to comply with the Texas Rules of Appellate Procedure. Those petitions therefore were not "properly filed" within the meaning of § 2244(d). *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"); *Edwards v. Dretke*, 116 F. App'x 470, 471 (5th Cir. 2004) (finding state habeas application was not properly filed because it failed to comply with Texas Rule of Appellate Procedure 73.2). Because Petitioner's first two state habeas petitions were not properly filed, they did not statutorily toll the limitations period.

On May 5, 2016, Petitioner again challenged his two convictions by filing state habeas petitions in each case. These petitions, however, were filed after the limitations period expired. They therefore did not toll the limitations period.

Petitioner was required to file his federal petition by April 1, 2013. He did not file his petition until June 7, 2017. The petition is therefore untimely.

## B.  Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also*

*Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that "'[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner states he is entitled to equitable tolling because he did not receive notice when the mandate issued, or when the Court of Criminal Appeals ruled on his habeas petitions. It appears Petitioner is claiming he did not receive notice when the mandate issued on his state appeal. Petitioner, however, timely filed his first two state habeas petitions and therefore fails to show he was prejudiced by any lack of notice. The record also shows he received notice that the Court of Criminal Appeals dismissed his habeas petitions as noncompliant because, on February 19, 2013, he wrote a letter to the Court of Criminal Appeals challenging the January 16, 2013, dismissal of his habeas petitions as noncompliant. (ECF No. 13-14 at

6

2.) Petitioner did not file compliant state habeas petitions until May 5, 2016, and has failed to explain this three-year delay. Equitable tolling requires that a petitioner diligently pursue his habeas corpus remedies. *See Coleman,* 184 F.3d at 402 (5th Cir. 1999). Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling. His petition should therefore be dismissed as time-barred.

### III.

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period. *See* 28 U.S.C. §2244(d).

Signed June 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The Court directs the United States District Clerk to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).